

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5162 | **DATE** | 12/20/2001 |
| **CASE TITLE** | Troy Jordan vs. Officer Anthony et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Anthony and Richardson's motions (Docs 22-1 & 31-1) motions and dismiss Jordan's complaint without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 21 2001 date docketed | |
| | Notified counsel by telephone. | | | 32 |
| ✓ | Docketing to mail notices. | | /S docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 DEC 20 PM 2:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 21 2001

| | | |
|---|---|---|
| TROY JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 5162 |
| | ) | |
| OFFICER ANTHONY, Cook County | ) | |
| Jail Officer, OFFICER RICHARDSON, | ) | |
| Cook County Jail Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions to dismiss of Defendants Anthony and Richardson. For the reasons set forth below, the motions are granted.

## BACKGROUND

Plaintiff Troy Jordan ("Jordan") is an inmate incarcerated at Big Muddy River Correctional Center. When first arrested on August 24, 1998, he was taken to an intake area of the Cook County Department of Corrections ("CCDOC"). While his arrest was being processed, he claims he was beaten repeatedly in the face and head by Officer Anthony ("Anthony"). Another CCDOC officer, Officer Richardson ("Richardson"), then drove Jordan to a nearby hospital to have his injuries treated. Before and during

this ride, Jordan alleges that Richardson "manhandled" and repeatedly threatened him with further harm if he reported Anthony's actions.

After this incident took place, Jordan filed a grievance against the two officers with the CCDOC Department of Internal Affairs. According to his complaint in this action, he never heard from the department thereafter, and he did not file an appeal or otherwise officially challenge the inaction of the CCDOC. Instead, on August 22, 2000, he filed an action in this court under 42 U.S.C. § 1983 seeking damages from Anthony. Richardson was added as a defendant on August 31.

Anthony and Richardson now move to dismiss Jordan's complaint on the grounds that Jordan has not properly exhausted his administrative remedies.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that any prisoner bringing a § 1983 action regarding prison conditions must exhaust available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Anthony and Richardson both contend that Jordan has not complied with this requirement and that his complaint must therefore be dismissed.

Initially, Jordan argues that because his claim is one for excessive force, it does not fall within the meaning of "prison conditions" as that term is used in the PLRA. This argument, though perhaps once viable under cases such as Harris v. Mugarrab, 1998 WL 246450 (N.D. Ill. 1998), holds no water after Smith v. Zachary, 255 F.3d 446,

448-52 (7th Cir. 2001). In that case, the Seventh Circuit expressly included cases alleging excessive force, like this one, within the ambit of the PLRA's exhaustion requirement. Id.; see also McCoy v. Gilbert, 270 F.3d 503, 509-10 (7th Cir. 2001).

Jordan filed a grievance with the Internal Affairs Department of the Cook County Department of Corrections, but the grievance was never addressed. He did not seek an appeal. Without pursuing all of the administrative relief that is potentially at his disposal, Jordan turns to us to prematurely involve ourselves in this matter. This we cannot do. In part, the broad exhaustion requirement of PLRA is intended to "limit judicial intervention in the management of state and federal prisons." Id. at 449. Allowing prisoners to file lawsuits that circumvent prison grievance and appeal procedures before internal mechanisms have proven unsatisfactory increases the intervention of the judiciary. Therefore, because Jordan has not exhausted his administrative remedies as the PLRA dictates, we must dismiss his complaint.

## CONCLUSION

For the foregoing reasons, we grant Anthony and Richardson's motion and dismiss Jordan's complaint without prejudice.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: December 20, 2001